IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT A. BARRICK,  )  <br>     Plaintiff  )  <br> )  <br> vs.  )  <br> )  <br> PRISON HEALTH SYSTEMS/  )  <br> MEDICAL, et al.  )  <br>     Defendants.  )  | C.A.No. 07-163Erie <br><br> Magistrate Judge Baxter |

# MEMORANDUM OPINION[1]

On July 2, 2007, Plaintiff, a prisoner at the State Correctional Institution at Forest ("SCI Forest"), filed the instant action *pro se*. Plaintiff has named Prison Health Systems/Medical, Mrs. G. Poindexter- administrator; Dr. Maxa -medical director; Ms. R. Sherbine -Physician Assistant; as well as their employer, Prison Health Services, (collectively "Medical Defendants") and Raymond J. Sobina-Superintendent SCI Forest[2] as Defendants.

In his complaint, Plaintiff raises an Eighth Amendment claim alleging that Defendants were deliberately indifferent to his serious medical needs in relation to the medical treatment he received for a cancerous growth on his left ear. On October 16, 2006, Plaintiff received his

---

[1] In accordance with the provisions of 18 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. Documents ## 7, 26, and 28.

[2] Defendant Sobina has previously been dismissed from this case. Document # 37.

1

initial intake at SCI Forest conducted by the nursing staff. Medications were ordered and Plaintiff was referred to the Physician Assistant (PA). Plaintiff alleges that at this time the medical staff at SCI Forest was in possession of a copy of the report form from Dr. Glasser dated May 26, 2006 indicating that a lesion on his left ear was "infected and probable basal cell [cancer]," and that he should "see an ENT surgeon, plastic surgeon or MOHS surgeon." [Document #5, Exhibit L].

On October 23, 2006, Plaintiff was seen by Defendant PA Sherbine who prescribed an antibiotic cream for the lesion on Plaintiff's left ear. The lesion on Plaintiff's ear was being treated as a staph infection (as noted in the initial grievance response to Grievance # 174485 - provided by Plaintiff at Document #5, Exhibit A). Plaintiff alleges that at this time, the prison medical staff was aware of the probable cancer diagnosis. Almost two months later, on December 14, 2006, Plaintiff was seen by physician Dr. Maxa and was then referred to an ENT for treatment. On January 8, 2007, Plaintiff was seen by an ENT specialist and on February 16, 2007, surgery was completed resulting in the removal of one-half of the Plaintiff's left ear. Following surgery, there was a delay of several days before Plaintiff received the antibiotics prescribed by the ENT. See Document # 5, Complaint; Document # 29, Amended Complaint.

The Medical Defendants have filed a motion for summary judgment. Document # 48. Plaintiff has filed a motion for summary judgment. Document # 42. The issues are fully briefed and are ripe for disposition by this Court.

**A. Standards of Review**

    **1. *Pro Se* Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

    **2.    Motion for summary judgment**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when

3

a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to

his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

**B.      The Prison Litigation Reform Act**

**1. The Exhaustion Requirement**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL

2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[1] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Woodford, 548 U.S. at 83. See also Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

A plaintiff need not affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, ____,

---

[3] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.")

127 S.Ct. 910, 921 (Jan. 22, 2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). Instead, it is the burden of a defendant asserting the defense to plead and prove it. Id.

### 2. The Administrative Process Available to State Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, ___ U.S. ____, 127 S.Ct. at 922-23.

The DC-ADM 804 grievance system, available to state prisoners, consists of three separate stages. First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident, who responds in writing within ten business days. Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days. Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a final determination in writing within thirty days. See Booth v. Churner, 206 F.3d 289, 293 n.2

(3d Cir. 1997), aff'd. 532 U.S. 731 (2001).

### 3. Analysis

Defendants argue that Plaintiff did not fully exhaust the administrative process for two grievances involving his medical claims.

Plaintiff filed two grievances regarding the inadequate medical treatment he received while incarcerated at SCI Forest. Plaintiff appealed both of these grievances (numbered 174485 and 179763) to the Central Office Review Committee, but he did not do so in a timely fashion pursuant to the requirements of DC-ADM 804. Both grievances were rejected at the Central Office Review Level because they were untimely. Plaintiff does not specifically oppose this argument, but instead argues the merits of his Eighth Amendment claim.

Because Plaintiff has failed to properly exhaust his administrative remedies, the Prison Litigation Reform Act mandates that this federal case be dismissed.[2]

Based on the foregoing analysis, Defendants' motion for summary judgment is granted and the Clerk of Courts will be directed to close this case. Because Plaintiff has failed to exhaust his administrative remedies in accordance with the procedural requirements of the PLRA, this Court need not address the merits arguments raised by Plaintiff in his motion for summary judgment, which is dismissed.

An appropriate order follows.

---

[4] The Prison Litigation Reform Act is a federal law and is not applicable to any state law claims that Plaintiff may raise in any future state court action challenging his medical treatment.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT A. BARRICK,<br>Plaintiff | )<br>)<br>) | |
| vs. | ) | C.A.No. 07-163Erie |
| PRISON HEALTH SYSTEMS/<br>MEDICAL, et al.<br>Defendants. | )<br>)<br>)<br>) | Magistrate Judge Baxter |

## O R D E R

AND NOW, this 15th day of December, 2008;

IT IS HEREBY ORDERED that Defendants' motion for summary judgment [Document # 48] be GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment [Document # 42] be DISMISSED.

The Clerk of Courts is directed to close this case.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge